AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>**STANFORD SMITH**<br><br>*Defendant(s)* | )<br>)<br>) Case No.  16-8409-JMH<br>)<br>)<br>) |

FILED BY ___ TM ___ D.C.

NOV 18 2016

STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S.D. OF FLA - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __11/18/2014__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, U.S.C §§ 1326(a) | Illegal Re-entry. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA David Malone, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: *11-18-16*

_____
*Judge's signature*

City and state:  West Palm Beach, FL    James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David R. Malone (the "Affiant"), first being duly sworn, herby depose and state:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed for over twelve years. Prior to federal employment, I worked for the Town of Jupiter (Florida) Police Department for a period of eight and one half years, serving in the capacity of a police officer, traffic homicide investigator and police Sergeant. As a Special Agent with HSI, my duties and responsibilities include investigating and enforcing criminal and administrative immigration laws of the United States.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents and computer records related to this investigation, and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that Gino AGUSTIN (DOB: 8/29/1992), Jose Eduardo RODRIGUEZ ALMONTE (DOB: 1/8/1971), and Stanford SMITH (DOB: 5/7/1961) have committed violations of Title 8 U.S.C. § 1326(a).

## FACTUAL BACKGROUND

3. On November 15, 2016, at or around 4:11 A.M., a U.S. Coast Guard air asset observed a 23' center console vessel (hereinafter referred to as "suspect vessel"), with a white open deck, teal hull, one outboard motor, and numerous persons on board traveling west on the open

ocean (International Waters) towards the United States. The suspect vessel was underway without its navigational lights energized.

4. On November 15, 2016, at or around 7:36 A.M., marine assets from the United States Coast Guard (USCG), Palm Beach Sheriff's Office (PBSO), and U.S. Customs and Border Protection (USCBP) initiated a vessel stop approximately 10 nautical miles east off the coast of Juno Beach, Florida (Territorial Waters of the United States). The suspect vessel had no distinguishable registration numbers and/or markings. Law Enforcement personnel were unable to positively identify the vessel captain, nor the persons on board, including their nationality. All persons on board the suspect vessel were transferred to the USCG Cutter Gannet for biometric processing.

5. On November 16, 2016, subsequent to a Regional Concurrence Team (RCT) conference call, DHS partners, along with a representative of the U.S. Attorney's Office, agreed to transport the 15 subjects to the United States Border Patrol (USBP) Station for further investigation.

6. Upon arriving at the USBP Station located in Riviera Beach, Florida, all 15 subjects had their respected fingerprints submitted electronically through both the Integrated Automated Fingerprint Identification System (IAFIS), as well as the Automated Biometric Identification System (IDENT). Law Enforcement received the results of the automated systems, and discovered three subjects have been previously removed from the United States.

7. A review of law enforcement indices showed that Gino AGUSTIN, a citizen of Haiti, was previously deported from the United States on or about December 18, 2012. Additionally, no record was found to show AGUSTIN obtained consent from the Attorney General

of the United States or the Secretary of Homeland Security, for re-admission into the United States as required by law.

8.   In a post-*Miranda* interview, Gino AGUSTIN admitted to being a previously deported foreign national and having no permission to re-enter the United States. AGUSTIN stated he paid $5,000 USD to be smuggled from the Bahamas into Florida.

9.   A review of law enforcement indices showed that Jose Eduardo RODRIGUEZ ALMONTE, a citizen of the Dominican Republic, was previously deported from the United States on or about October 2, 2009. Additionally, no record was found to show RODRIGUEZ ALMONTE obtained consent from the Attorney General of the United States or the Secretary of Homeland Security, for re-admission into the United States as required by law.

10.  In a post-*Miranda* interview, Jose Eduardo RODRIGUEZ ALMONTE admitted to being a previously deported foreign national and having no permission to re-enter the United States. RODRIGUEZ ALMONTE stated he paid a total of $17,500 USD to be smuggled from the Dominican Republic, thru Haiti, to the Bahamas, and into Florida.

11.  A review of law enforcement indices showed that Stanford SMITH, a citizen of Guyana, was previously deported (three separate occasions) from the United States on or about the dates of January 10, 1989, December 10, 2002, and July 10, 2012. Additionally, no record was found to show SMITH obtained consent from the Attorney General of the United States or the Secretary of Homeland Security, for re-admission into the United States as required by law.

12.  In a post-*Miranda* interview, Stanford SMITH admitted to being a previously deported foreign national and having no permission to re-enter the United States. SMITH stated

he paid a total of $7,000 USD to be smuggled from Guyana, thru Jamaica, to the Bahamas, and into Florida.

13. Based on the foregoing, your Affiant submits that there is probable cause to believe that on or about November 15, 2016, Gino AGUSTIN, Jose Eduardo RODRIGUEZ ALMONTE, and Stanford SMITH did knowingly and intentionally violate Title 8 U.S.C. § 1326(a), that is, aliens previously deported and removed from the United States, attempted to re-enter the United States without the expressed consent of the U.S. Attorney General or Secretary of Homeland Security.

Further Your Affiant Sayeth Naught,

_____
DAVID R. MALONE, Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to this 18th day
of November, 2016

_____
James M. Hopkins
USMJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** STANFORD SMITH

**Case No:** 16-8409-JMH

Count #1:

Illegal Re-entry.

Title 8, U.S.C §§ 1326(a)

***Max. Penalty**: 2 Years' imprisonment; $250,000 fine; 1 Years' supervised release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __16-8409-JMH__

UNITED STATES OF AMERICA

vs.

**STANFORD SMITH,**

**Defendant**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: *Stephanie Evans*
STEPHANIE D. EVANS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0255180
Stephanie.D.Evans@usdoj.gov
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561)-820-8711
(561)805-9846 (FAX)